CASE 39—PETITION ORDINARY—JUNE 27.

# Wilson vs. City of Louisville.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. The act "to amend an act to establish a levy and county court for Jefferson county" (*Acts* 1863–4, *p.* 23) is not within section 37 of article 2 of the Constitution of Kentucky.

2. By said act of 1864, the Jefferson county court had power to increase the salary of the county attorney without the knoweldge or concurrence of the city council of Louisville.

J. G. WILSON for appellant.

R. J. ELLIOTT, for appellee.

JUDGE PETERS DELIVERED THE OPINION OF THE COURT:

Prior to the 28th of January, 1864, the attorney for the county of Jefferson was paid for his services out of the county levy, collected from the citizens of said county outside of the city of Louisville. On the last named day the Legislature passed an act, entitled "An act to amend an act to establish a levy and county court for Jefferson county." (*Acts* 1863–4, *p.* 23.)

The second section of said act provides that said general council (referring to the general council of the city of Louisville) and the county court shall pay the salary of the attorney of said county in like proportions as they pay the salary of the judge of said court. The proportions in which the city and county paid the county judge are eleven sixteenths paid by the city and five sixteenths by the county. Section

10 of *an act to establish a levy and county court for Jefferson county.* (1 *vol. Acts* 1853–4, *p.* 61.)

By the authority of the act of 1864, *supra,* the Jefferson county court, at a term thereof held on the 7th of March, 1864, increased the salary of the attorney for the county from $500 per annum to $1,000 *per annum,* without the knowedge and concurrence of the city council of Louisville; and the city council having refused, on demand, to pay its proportion of said salary, Wilson, the attorney for the county, brought this suit against the city for the enforcement of his claim against it. The judgment of the court below was adverse to him, and he has appealed.

The facts are all agreed upon which the recovery is sought.

Upon the part of the city it is insisted that the *act of* 1864, *supra,* is within the inhibition of the 37th section of article 2 of the Constitution of Kentucky, which provides, that "no law enacted by the *General Assembly* shall relate to more than one subject, and that shall be expressed in the title."

The subject of said act is the amendment of the act of 1854, *supra,* which established a levy and county court for Jefferson county, and that is fully expressed in the title. It is made the duty of the levy court by law to lay the county levy, provide for the collection of the same, and, when collected, pay out of it, amongst other county expenses, the salary of the county attorney, as provided for in section 7, chapter 4, 1st volume Revised Statutes, page 188.

The establishment of a levy court and the payment of the salary of the county attorney are parts of the same subject, or rather the payment of the salary of the attorney for the county is an incident to the establishment of a levy court; and as the act of 1864, *supra,* amends the former act by providing for an increase of the salary of the attorney for the county, and the means of payment, it must be regarded as relating to the same subject of the enactment of 1854, *supra,* and not in conflict with the Constitution of Kentucky.

The Legislature certainly had the power to change or modify the previous legislative enactments in relation to the salary of the attorney for the county of Jefferson, and

wherever any of the former acts on that subject are in conflict or inconsistent with the last act on the subject, to that extent they must be treated as repealed, and effect given to the last statute. The other objections, therefore, to the right of appellant to assert his claim against the city for its proportion of his salary, are also deemed unavailing.

Nor do we understand the 15*th section of an act approved* 16*th February*, 1865, to amend the charter of the city of Louisville, as a repeal of the act of 1864, *supra*, or as affecting the rights of appellant acquired thereby. By the 4*th section* of the last named act, the power was conferred on the county court of Jefferson county, at any term it might hold prior to the first Monday in November, 1864, to increase the salary of the attorney for said county of Jefferson for the year ending the first Monday in November, 1864. The increase was made prior to the passage of the *act of* 1865, *supra*, and the time for which the county court had the power to increase the salary expired, and the money for the services rendered the year ending the first Monday in November, 1864, was then due.

But the provision of the 2*d section* was for the payment of his salary by the county court and city council for the time to come, as well as to the 1*st of November*, 1864, without regard to the increase of the salary continuing in its nature; and the 15*th section*, *supra*, was adopted to modify the 2*d section of the act of* 1864, so that after its adoption the city should not be compelled to pay any proportion of claims against the city and county of Jefferson jointly, including, perhaps, subsequent allowance to the attorney for the county, until approved and ordered to be paid by the county court and general council.

We do not think said *section* was intended to be retroactive, and embrace this claim of appellant. If it was intended to operate on such salaries at all, it must have been intended to operate on the future salaries of county attorneys, and that, we think, is the fair and proper interpretation of the language of the *section supra.*

Wherefore, the judgment is reversed, and the cause remanded for further proceedings consistent herewith.